[Cite as *Isaac v. Dept. of Rehab. & Corr.*, 2010-Ohio-5468.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSHUA ISAAC

   Plaintiff

   v.

DEPT. REHABILITATION AND CORRECTION

   Defendant

Case No. 2010-04203-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) On July 4, 2009, plaintiff, Joshua Isaac, an inmate incarcerated at defendant's Southern Ohio Correctional Facility (SOCF), was transferred from the SOCF general population to a security control unit. Plaintiff's personal property was inventoried, packed, and delivered into the custody of SOCF staff incident to his transfer. Plaintiff asserted SOCF personnel failed to pack all his property and when he regained possession of the property on July 8, 2009 he discovered several items were missing.

{¶ 2} 2) Plaintiff noted the following items were lost or misplaced while under the control of SOCF personnel: eighty-three photographs, legal mail, one t-shirt, one pair of blue shorts, three bars of soap, one bowl, personal mail, and hygiene. Plaintiff filed this complaint seeking to recover $2,500.00, the stated value of the alleged missing property. Plaintiff did not provide any evidence other than his own assertion to establish the value of the claimed missing property. Payment of the filing fee was waived.

{¶ 3} 3)   Defendant denied any liability in this matter.  Defendant contended plaintiff failed to offer sufficient evidence to prove his property was lost as a proximate cause of negligence on the part of SOCF staff.  Defendant acknowledged plaintiff was placed in a security control unit on July 4, 2009 and his property was packed.  Defendant explained certain property items were forwarded to plaintiff in security control and the remainder was kept in storage.  Defendant submitted a copy of plaintiff's property inventory compiled on July 4, 2009 when his property was packed.  The inventory bears plaintiff's signature acknowledging the document represents "a complete and accurate inventory of all my personal property."  The property listed on the inventory relevant to this claim includes two bars of soap and hygiene items.  Defendant submitted a copy of a property sheet listing the property distributed to plaintiff while he was housed in security control.  The listed items on this property sheet relevant to this claim include hygiene items.  When plaintiff regained possession of his property on July 8, 2009 he signed the inventory acknowledging all listed items were returned to him.  Defendant submitted a copy of plaintiff's property inventory compiled on October 19, 2009 when he was transferred to security control.  The property listed on this October 19, 2009 inventory relevant to this claim includes photographs, letters and papers, one bowl, soap, and hygiene items.  There is no record SOCF staff ever received delivery of a personal t-shirt or a pair of blue shorts.

{¶ 4} 4)   Plaintiff filed a response insisting defendant never packed his photographs on July 4, 2009 and the photographs are now missing.  Plaintiff did not produce any evidence other than his own assertion to establish any of his property was lost or stolen while under the control of SOCF personnel incident to his July 4, 2009 transfer to security control.

CONCLUSIONS OF LAW

{¶ 5} 1)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 2)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 3)　Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.　*Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 8}** 4)　Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.　*Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 9}** 5)　Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.　*Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 10}** 6)　Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

**{¶ 11}** 7)　In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.　*Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 12}** 8) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 13}** 9) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.　*State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.　This court is free to believe or disbelieve, all or any part of each witness's testimony.　*State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.　The court does not find plaintiff's assertions particularly persuasive.

**{¶ 14}** 10)Plaintiff has failed to prove, by a preponderance of the evidence, any

of his property was lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSHUA ISAAC

    Plaintiff

    v.

DEPT. REHABILITATION AND CORRECTION

    Defendant

    Case No. 2010-04203-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT

Deputy Clerk

Entry cc:

Joshua Isaac, #A545-350
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
6/15
Filed 7/14/10
Sent to S.C. reporter 11/5/10